## ROGERS v. TAYLOR ET AL.

Contract: SPECIFIC PERFORMANCE. A contract for the conveyance. of real estate stipulated for the payment of the consideration in three installments, after which the obligee became entitled to a deed: *Held*, that the payment of the two first and the tender of the amount of the last entitled the obligee to specific performance of the contract.

*Appeal from Montgomery District Court.*

THURSDAY, MARCH 18.

THIS is an action for specific performance of a contract, entered into between the parties, whereby the defendants for the consideration therein named agreed to convey to the plaintiff the undivided one-third of lots seven and eight, in block twenty nine, in the town of " Red Oak Junction."

The defendants, in their answer, admitted the making of the contract, but denied that the consideration named therein had been paid. The court rendered a decree for the plaintiff, from which defendants appeal.

*Z. T. Fisher* and *James B. Gregg*, for appellant.

*Mayne & McPherson*, for appellee.

MILLER, CH. J.—By the terms of the contract between the parties, the plaintiff agreed to pay to the defendants the sum of six hundred and sixty-six dollars and sixty-six cents for the undivided one-third of the lots in controversy. One-half of the consideration money was to be paid down, one-half of the balance on the 21st day of June, 1871, and the final payment on the 21st day of December, 1871.

The pleadings and the proof show that the first payment stipulated in the bond was made by a credit given to the defendants on the books of Rogers & Son, and the same entered as a charge on the books of defendants; that this was by the mutual agreement of the parties, and that it was understood and agreed that such credit should operate as payment. It further appears that the second payment was made by the plaintiff in money, on or about the 21st or 22d day of June, 1871, to one Sheldon, of whom defendants had purchased the lots, by the direction of defendants, together with $350.00 of defendant's money, which was in the hands of Rogers & Son.

The plaintiff tenders and brings into court the amount of the last payment, due December 21st, 1871, and asks that the defendants be decreed to convey to him according to the terms of the agreement, which they had refused to do on demand.

The defendants resist this claim on the ground, as they allege in their answer, that, on the 7th of July, 1871, they and the firm of Rogers & Son, plaintiff being a member thereof, had an accounting together concerning their mutual dealings and accounts; that on such accounting there was found due defendants from Rogers & Son the sum of $354.60; that the plaintiff, who was the agent of Sheldon, then held the contract between said Sheldon and defendants for the purchase by the latter of the lots in controversy; that plaintiff agreed with defendants that, if they would suffer Rogers & Son to retain said sum of $354.60, found due defendants on their settlement, until the 21st day of December, 1871, in consideration

thereof, and that the plaintiff still owed defendants the last payment, to fall due on his purchase of an interest in the lots, he would pay the amount due from defendants to Sheldon; that the plaintiff and Rogers & Son have failed to pay to Sheldon as agreed.

It is admitted by plaintiff that he has not, nor has Rogers & Son, paid to Sheldon for defendants the $354.60, left in their hands for that purpose, nor has plaintiff paid for defendants to said Sheldon the amount of the last payment, due by him to the defendants December 21st, 1871, as the last installment on the purchase of the lots. On the contrary, it is admitted that Rogers & Son still are indebted to the defendants for the said sum found due them on settlement, and that plaintiff has not paid the last payment on the purchase of the lots. He has, however, offered to pay this last sum, and requested defendants to make and deliver to him a deed in accordance with the contract.

The weight of the evidence shows that at the time of the accounting between the parties in July, 1871, it was agreed between the plaintiff, Rogers & Son and Hugh Taylor, who made the settlement on behalf of defendants, that the balance of $354.60, found due the defendants, together with the last payment to be made by the plaintiff on his purchase, should be, by the plaintiff, paid to Sheldon on defendants' contract with him. This, it is admitted, was not done, but the defendants themselves paid Sheldon directly. It remains, therefore, for the plaintiff to pay to the defendants the sum of his last payment, upon which he is entitled to his deed, and the defendants still hold Rogers & Son for the amount of money due on the settlement, with interest, which they may recover in the proper action.

The decree of the District Court is correct, and will be

AFFIRMED.

DAY, J., took no part in the decision of the case.